**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Johnson, et al., | No. CV-15-00774-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Santander Consumer USA Incorporated, | |
| Defendant. | |

Before the Court is Defendant Santander Consumer USA Inc.'s Motion to Compel Arbitration. (Doc. 11.) The issues are fully briefed, and neither party requested oral argument. For the reasons stated below, the motion is granted.

## **BACKGROUND**

In October 2007, Plaintiffs Eric and Valerie Johnson purchased a vehicle and entered into a Retail Installment Sale Contract ("RISC") with the dealer. (Doc. 17 at 3.)[1] The RISC contains a provision requiring arbitration of all disputes, including those based on "contract, tort, statute or otherwise (including the interpretation and scope of this clause, and the arbitrability of the claim or dispute) . . . which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship[.]" (Doc. 11 at 3.) It also provides that the Federal

---

[1] Citations to pages in the Court's docket are to the page numbers stamped at the top of the page by the Court's CM/ECF system, not the page numbers at the bottom of each page.

Arbitration Act ("FAA") governs the provision. (*Id.*)

Thereafter, the dealer assigned the RISC to CitiFinancial Auto Credit, Inc. On March 15, 2010, Plaintiffs signed an Amendment Agreement (the "Amendment") with CitiFinancial, which permitted Plaintiffs to make a reduced monthly installment payment on the loan. (*Id.*) Like the RISC, the Amendment contains an arbitration provision that provides, in relevant part:

> "Any claim or dispute, except as provided below, whether in contract, tort or otherwise (including, without limitation, interpretation and the scope of the provision, the arbitrability of any issue and matters relating to the consummation, servicing, collection or enforcement of this contract or note) between you and us or our employees, agents, successors, or assigns which arise out of or relate to this contract or note or any resulting transaction or relationship . . . shall . . . be resolved by neutral, binding arbitration and not by court action . . . . The [FAA] governs this Arbitration Provision.

(Doc. 12-1 at 6.) In March 2011, CitiFinancial assigned the account to Santander for servicing. (Doc. 11 at 4; Doc. 17 at 3.)

In August 2012, Plaintiffs filed a lawsuit against Santander in Texas federal court alleging violations of the Telephone Consumer Protection Act. (Doc. 17 at 3.) The case was settled in January 2013. (*Id.*) As part of the settlement, Santander agreed to "pay-off the entire remaining balance on the [loan] and [ ] discharge Plaintiff from any and all payment obligations in connection with the [loan]." (*Id.*) In late 2014, Plaintiffs discovered that Santander reported the account to several credit reporting agencies ("CRAs") as "charged-off" with an unpaid balance of $22,469. (*Id.* at 4.) Plaintiffs disputed the report with the CRAs, but Santander confirmed the accuracy of the reports to the CRAs. (*Id.*)

On May 22, 2015, Plaintiffs filed an amended complaint in this Court alleging three causes of action: (1) breach of the settlement agreement for failing to pay off the underlying debt, (2) violation of the Fair Credit Reporting Act ("FCRA") for failing to reasonably investigate Plaintiffs' disputes, and (3) violation of FRCA for reporting

inaccurate information.  (Doc. 6.)  Santander now moves for the Court to dismiss or stay this action and compel Plaintiffs to submit to binding arbitration.  (Doc. 11.)

## LEGAL STANDARD

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).  The court must compel arbitration where:  (1) a valid agreement to arbitrate exists, and (2) the agreement encompasses the dispute at issue.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  "Where a contract contains an arbitration clause, courts apply a presumption of arbitrability as to particular grievances, and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts, Ltd. v. Atlantic–Pacific Capital, Inc.*, 497 F. App'x 740, 742 (9th Cir. 2012) (internal citations omitted); *see also AT&T Mobility, LLC v. Concepcion*, 563 U.S. ---, 131 S. Ct. 1740, 1745 (2011) ("We have described [§ 2 of the FAA] as reflecting . . . a 'liberal federal policy favoring arbitration[.]'").

## ANALYSIS

Santander argues Plaintiffs' claims must be arbitrated pursuant to the provisions in the RISC and the Amendment.  Plaintiffs do not dispute that a valid agreement to arbitrate exists, nor do they dispute that the provision is governed by the FAA.  Instead, they argue that their claims fall outside the scope of the arbitration agreement.  The Court need not address this issue, however, because the arbitration provisions expressly delegate this authority to the arbitrator.

**I.  Threshold Issue of Arbitrability**

"Although gateway issues of arbitrability presumptively are reserved for the court, the parties may agree to delegate them to the arbitrator." *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011); *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69-70 (2010) (holding that delegation of authority to arbitrator to determine the

enforceability and scope of arbitration agreement was valid under FAA). "[T]he Supreme Court has cautioned that '[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "Such '[c]lear and unmistakable 'evidence' of agreement to arbitrate arbitrability might include . . . a course of conduct demonstrating assent . . . or . . . and express agreement to do so.'" *Id.* (quoting *Rent-A-Center*, 561 U.S. at 79-80).[2]

Both the RISC and the Amendment contain arbitration provisions that clearly and unmistakably delegate questions of arbitrability to the arbitrator. The RISC requires arbitration for any disputes "in contract, tort, statute or otherwise (*including the interpretation and scope of this clause, and the arbitrability of the claim or dispute*) . . . which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship[.]" (Doc. 12-1 at 3 (emphasis added).) Similarly, the Amendment provides: "Any claim or dispute . . . (*including, without limitation, interpretation and the scope of the provision, the arbitrability of any issue and matters relating to the consummation, servicing, collection or enforcement of this contract or note*)" shall be arbitrated. (*Id.* at 6 (emphasis added).) The language of both provisions clearly and unmistakably delegates authority to the arbitrator to determine the threshold question of arbitrability. *See Momot*, 652 F.3d at 988 (finding similar language clearly articulated the parties' intent for questions of arbitrability to go to the arbitrator).

Plaintiffs argue the Court must determine whether their claims fall within the scope of the arbitration agreement. But none of the cases they cite are binding authority, and none are on point with this case. *See Cummings v. FedEx Ground Packaging Sys., Inc.*, 404 F.3d 1258, 1261 (10th Cir. 2005) (delegation of authority to arbitrator to

---

[2] *Rent-A-Center* noted two instances in which questions of arbitrability may go to the arbitrator: "(1) when the parties have demonstrated, clearly and unmistakably, that it is their intent to do so; or (2) when the validity of an arbitration agreement depends exclusively on the validity of the substantive contract of which is it a part." 561 U.S. at 80. Only the first scenario is relevant here.

- 4 -

determine questions of arbitrability not at issue); *P&P Indus., Inc. v. Sutter Corp*, 179 F.3d 861, 871 (10th Cir. 1999) (threshold arbitrability questions not at issue); *Fuqua v. Kenan Advantage Corp.*, No. 3:11-cv-01463-ST, 2012 WL 2861613, at *10 (D. Or. April 13, 2012) (arbitration provision did not expressly delegate questions of arbitrability to the arbitrator). Instead, the cases merely state the principle that courts generally determine the scope of an arbitration provision in the absence of a delegation of authority to the arbitrator to determine such issues. This is not the case here, and Plaintiffs do not otherwise challenge the language of the RISC or the Amendment. They have therefore failed to meet their burden of establishing the arbitration provisions are inapplicable, *see Wynn Resorts*, 497 F. App'x at 742, and the issue of arbitrability will be decided by the arbitrator.

## II. Stay of the Proceedings

"Pursuant to [§ 3 of the FAA], the Court is required to stay proceedings pending arbitration if the Court determines that the issues involved are referable to arbitration under a written arbitration agreement." *Meritage Homes Corp. v. Hancock*, 522 F. Supp. 2d 1203, 1211 (D. Ariz. 2007). The Court, in its discretion, may also dismiss the case. *See id.* Here, it is possible that the arbitrator may find Plaintiffs' claims outside the scope of the arbitration provisions. In that case, Plaintiffs would be entitled to litigate their case in this Court. Rather than requiring Plaintiffs to re-file, the Court will stay this action pending the outcome of arbitration.

## CONCLUSION

Accordingly, because the language of the arbitration provisions clearly and unmistakably evidence the parties' intent for the arbitrator to decide the question of arbitrability, the Court will stay this action pursuant to § 3 of the FAA.

**IT IS ORDERED** that Defendant's motion to compel arbitration, (Doc. 11), is **GRANTED**, and this matter is **STAYED** pending the outcome of arbitration proceedings. The Clerk is directed to close this case, whereupon, by proper motion of the prevailing party at arbitration, it may be reopened or dismissed with prejudice.

Dated this 25th day of November, 2015.

Douglas L. Rayes
United States District Judge